IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )
     v.                         )     No.  06 C 5140
                                )
FRAN LAKETEK, et al.,           )
                                )
              Defendants.       )

## MEMORANDUM ORDER

In response to the Fed. R. Civ. P. ("Rule") 56 motion (together with appropriate supporting materials) brought by the United States for a partial summary judgment against codefendant Fran Laketek ("Fran"), she and her husband Steve (collectively "Laketeks") have filed:

>     1.  a Rule 56(f) motion for discovery and

>     2.  what has been labeled as Defendants' Memorandum of Points and Authorities and Response to Plaintiff's Statement of Material Facts in Support of Defendants' Rule 56(f) Motion ("Memorandum").

Because the Memorandum poses questions that in turn impact the Rule 56(f) motion, this sua sponte memorandum order calls for a further response from Laketeks.

As the Memorandum states (citing caselaw from the Tenth Circuit), a Rule 56(f) stay requires a supporting affidavit.  But no affidavit has been presented by Fran, who of course has direct knowledge (if it is true) of the facts demonstrating that she

"was not a responsible person under Section 6672 of the Internal Revenue Code" (Mem. 1), that she "did not willfully fail to pay over the taxes involved" (Mem. 2) and that she "did not have 'significant control or authority over the corporation's finances or general decisionmaking'" (id.). Instead Mem. Ex. A is an affidavit from Laketeks' lawyer Alan Segal ("Segal"), most if not all of whose assertions in the affidavit appear to reflect hearsay rather than "personal knowledge of the facts set forth herein" (Aff. ¶2). It is not merely a technical requirement to insist that the current Rule 56(f) motion must rather be supported by an affidavit by Fran herself.

There is one added problem with Segal's affidavit. This Court is aware that New York practitioners sometimes follow the practice of attaching a jurat to what is really legal argument, as set out in Aff. ¶¶7 and 8. But that is not acceptable here--such argument is really not susceptible of being proffered under oath.

This memorandum order eschews any substantive ruling on the viability of the matters identified by Segal, even if they can be established, to avoid personal liability on Fran's part. But it bears mention that those assertions do not seem to speak to the question whether Fran can escape treatment as a "responsible person" under the tax statutes even if asserted culprits Michael Palmieri and Nick Addante did engage in the nefarious activity

Segal has ascribed to them. That remains for the future in all events, but for now it is enough to say that the Rule 56(f) motion is denied without prejudice to any prompt and proper reassertion on or before August 21, 2007. In the absence of a proper motion, Laketeks must file a response to the United States' motion in conformity with this District Court's LR 56.1 on or before that same date.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 7, 2007