IN THE UNITED STATES DISTRICT COURT
		FOR THE NORTHERN DISTRICT OF ILLINOIS
			EASTERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
              Plaintiff,   )
                           )
   v.                      )        No. 06 C 5140
                           )
FRAN LAKETEK, et al.,      )
                           )
              Defendants.  )

## MEMORANDUM ORDER

Fran and Steven Laketek ("Laketeks") have responded to the United States' motion for partial summary judgment. At tomorrow's status date this Court plans to discuss with the parties Laketeks' motion for leave to conduct further discovery pursuant to Fed. R. Civ. P. 56(f), as well as the need for and timing of a reply to be filed by the United States. In the meantime, however, one aspect of Laketeks' current submission calls for the issuance of this brief memorandum order.

Laketeks' response to the United States' statement of material facts pursuant to this District Court's LR 56.1(b)(3)(A) is shot through with this kind of purported response:

> Uncontested for purposes of this Motion.

But as this Court has just had occasion to write in ruling on a summary judgment motion in another case:

> Our Court of Appeals has frequently characterized the summary judgment stage (which it will be remembered is intended as a substitute for trial where no material facts are in dispute) in terms such as those it recently voiced in <u>Steen v. Myers</u>, 486 F.3d 1017, 1022 (7th Cir. 2007):

> But we have consistently held that summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." <u>Hammel v. Eau Galle Cheese Factory</u>, 407 F.3d 852, 859 (7th Cir. 2005)(internal citations omitted).

To much the same effect, our Court of Appeals continues to teach (see, e.g., <u>Demos v. City of Indianapolis</u>, 302 F.3d 698, 706 n.12 (7th Cir. 2002)) the same message that <u>Caisse Nationale de Credit v. CBI Indus., Inc.</u>, 90 F.3d 1264, 1270 (7th Cir. 1996) first borrowed from one of this Court's earlier opinions:

> A party seeking to defeat a motion for summary judgment is required to "wheel out all the artillery to defeat it."

It is simply impermissible for Laketeks to indulge themselves in some kind of holdback--a reservation that would leave open the prospect of their challenging the United States' factual assertions in the future. Accordingly the quoted language is stricken wherever it appears in Laketeks' response and is replaced with the straightforward term "admitted."

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: September 17, 2007

2